*H. B. Stevens*, for the plaintiffs.

*N. T. Leonard*, (*M. B. Whitney* with him,) for the trustees.

---

### TERENCE O'DONNELL *vs.* ANN McINTIRE & trustees.

Trustees in foreign attachment who are charged on their answers in a justice's court are not entitled to costs for travel and term fees in the superior court on the appeal of either the plaintiff or the defendant from the judgment of the justice on the main issue in the action.

APPEAL by thirteen trustees in an action of foreign attachment, commenced before a justice of the peace, from the disallowance by the superior court of their claim for costs for travel and term fees after the plaintiff's appeal from the judgment of the justice's court, where they were charged on their answers. The facts appear in the opinion.

*E. W. Chapin*, for the plaintiff.

*G. M. Stearns & M. P. Knowlton*, for the trustees.

WELLS, J. The trustees in this case were charged upon their answers in the justice's court. The plaintiff, having recovered judgment for a sum much less than the amount of his demand, appealed to the superior court, and there recovered judgment for a larger sum. The trustees now claim to be allowed costs for travel and attendance during the whole pendency of the suit between the principal parties. No further examination of the trustees was had, and there was no occasion for them to appear at all in the superior court. It is true that, although charged upon their answers, their liability was not fixed until the final judgment. It must await, and was contingent upon the result between the principal parties. But that contingency only affects the mode in which and person to whom they shall pay their admitted indebtedness, and the mode in which and person or fund from which they shall receive the costs to which they are entitled alike in either event. They have no legal interest in the controversy between the plaintiff and defendant; and no rights to be protected by their further attendance upon the suit. The litigation is terminated, as to them, by the interlocutory judgment charging them upon their answers.

This case is covered by the recent decision in *Kellogg* v. *Waite*, *ante*, 501, in which the grounds are more fully discussed and authorities cited. The appeal therefore cannot be sustained. *Judgment of the superior court affirmed.*